MILTON ZEISLER, Appellant, v. DANDRIDGE COMPANY, INC., Respondent. — Judgment of the County Court of Kings county unanimously affirmed, with costs, because it sufficiently appears that the finding of fact that the plaintiff did not fully perform his contract was justified by the evidence. Present — Jenks, P. J., Mills, Rich, Blackmar and Kelly, JJ.

MILTON ZEISLER, Appellant, v. DANDRIDGE COMPANY, INC., Respondent. (Appeal No. 1.)— Order of the County Court of Kings county upon the motion first made to amend the complaint affirmed, without costs, because of the insufficiency of the papers upon which it was made. Jenks, P. J., Mills, Rich, Blackmar and Kelly, JJ., concurred.

MILTON ZEISLER, Appellant, v. DANDRIDGE COMPANY, INC., Respondent. (Appeal No. 2.) — The order to show cause upon which the second motion to amend the complaint was made was signed by the judge who decided the first motion, and so operated as a leave to renew the motion. Treating this as a renewed motion for the privilege of amending the complaint, we think the motion should have been granted. The question of the sufficiency of the complaint should not be determined on a motion for leave to amend, but only on a direct proceeding for that purpose.— Order of the County Court of Kings county reversed, without costs, and motion granted to the extent of permitting plaintiff within twenty days to make and file his amended complaint upon payment of the costs of the action to date. Jenks, P. J., Mills, Rich, Blackmar and Kelly, JJ., concurred.

In the Matter of the Application of THOMAS REESE PUTSCHE for Admission to the Bar.— Application granted. Present — Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ.

JOHN ACKEN and Others, Plaintiffs, v. GUARANTY TRUST COMPANY, Respondent. HARRY N. STEINFELD, Attorney, Appellant.— Order affirmed, with ten dollars costs and disbursements in one case only. No opinion. Mills, Putnam, Kelly and Jaycox, JJ., concurred; Jenks, P. J., not voting.

PHILIP BAILLET, as Administrator, etc., of ALFRED BAILLET, Deceased, Appellant, v. FRANK B. BORRICK and Others, Respondents.— Judgment reversed and new trial granted, with costs to appellant to abide the event. At the close of plaintiff's case the jury might have found negligent operation of defendant Borrick's motor boat. The defendant Schroeder, called as a witness for plaintiff, testified that on the day in question he, with his two companions operating the motor boat, was going to the Battery in Manhattan to meet the defendant Borrick, the owner, and that Borrick was to come on the boat, justifying an inference that the boat was being navigated in and about the owner's business. Jenks, P. J., Rich, Putnam, Kelly and Jaycox, JJ., concurred.

CHARLES GALINIS, an Infant, by JOHN GALINIS, His Guardian Ad Litem, Appellant, v. MAX GOLDSTEIN, Respondent.— Judgment reversed and new trial granted, with costs to abide the event, upon the ground that the testimony of the witness Luby presented a question of negligence on the part of the defendant's driver, which should have been submitted to the jury. Jenks, P. J., Mills, Rich, Kelly and Jaycox, JJ., concurred.

PHILIP GOLDFARB, Respondent, v. GEORGE G. FRIES and Others, Appel